MICV2005-00882

05cv10764NG

Timothy A. York

v.

Jason Faria and Manuel Faria

Removed to United States District Court

**Commonwealth of Massachusetts**
**SUPERIOR COURT DEPARTMENT**
**THE TRIAL COURT**
**CAMBRIDGE**

MICV2005-00882

I, Mary Rosa, Deputy Assistant Clerk of the Superior Court, within and for said County of Middlesex, do certify that the annexed papers are true copies made by photographic process of pleadings entered in the Superior Court on the 27th day of April, in the year of our Lord, Two Thousand Five.



In testimony whereof, I hereunto set my hand and affix the seal of said Superior Court, at Cambridge, in said County, this 27th day of April, in the year of our Lord, Two Thousand Five.

_____
Deputy Assistant Clerk

MAS-20041213    Case 1:05-cv-10764-NG   Document 5   Filed 05/16/2005   Page 3 of 10    04/28/2005
holllave                      Commonwealth of Massachusetts                        11:08 AM
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

## MICV2005-00882
## York v Faria et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 03/16/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 04/27/2005 | **Session** | L2 - Cv time-stan 2 (3rd fl-Cambridge) | | |
| **Origin** | 1 | **Case Type** | B03 - MV negligence/pers injury/prop dmg | | |
| **Lead Case** | | **Track** | F | | |

| | | | | | |
|---|---|---|---|---|---|
| **Service** | 06/14/2005 | **Answer** | 08/13/2005 | **Rule12/19/20** | 08/13/2005 |
| **Rule 15** | 08/13/2005 | **Discovery** | 01/10/2006 | **Rule 56** | 02/09/2006 |
| **Final PTC** | 03/11/2006 | **Disposition** | 05/10/2006 | **Jury Trial** | Yes |

**Plaintiff**
Timothy A. York
Active 03/16/2005

**Private Counsel 559117**
Charlotte E Glinka
Keches & Mallen
122 Dean Street
Taunton, MA 02780
Phone: 508-822-2000
Fax: 508-822-8022
Active 03/16/2005 Notify

**Defendant**
Jason Faria
9 Talbot Street
Served: 04/05/2005
Served (answr pending) 04/11/2005

**Private Counsel 552113**
Paul G Pino
Law Office of Paul G. Pino
1350 Division Road Suite 104
West Warwick, RI 02893
Phone: 401-827-1250
Fax: 401-884-2020
Active 04/28/2005 Notify

**Defendant**
Manuel Faria
Served: 04/05/2005
Served (answr pending) 04/11/2005

*** See Attorney Information Above ***

| Date | Paper | Text |
|---|---|---|
| 03/16/2005 | 1.0 | Complaint & civil action cover sheet filed |
| 03/16/2005 | | Origin 1, Type B03, Track F. |
| 04/11/2005 | 2.0 | SERVICE RETURNED AND AFFIDAVIT: Jason Faria(Defendant) 4-5-05 In hd 9 Talbot St North Providence RI 02904 |
| 04/11/2005 | 3.0 | SERVICE RETURNED AND AFFIDAVIT: Manuel Faria(Defendant) 4-5-05 In hd at 9 Talbot St North Providence RI 02904 |
| 04/27/2005 | 4.0 | Case REMOVED this date to US District Court of Massachusetts by the Defendants, Jason Faria and Manuel Faria. |
| 04/27/2005 | | ABOVE ACTION THIS DAY REMOVED TO US DISTRICT COURT. |

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS.                                     SUPERIOR COURT DEPARTMENT
                                                   CIVIL ACTION NO.

TIMOTHY A. YORK,
        Plaintiff                                  05-0882

vs.

JASON FARIA and
MANUEL FARIA,
        Defendants



## COMPLAINT AND JURY CLAIM

### PARTIES AND FACTS

1. The plaintiff, Timothy A. York, is an individual residing in Penobscot, Maine.

2. The defendant, Jason Faria, is an individual with a last and usual place of residence at 9 Talbot Street, No. Providence, Rhode Island.

3. The defendant, Manuel Faria, is an individual with a last and usual place of residence at 9 Talbot Street, No. Providence, Rhode Island.

4. On February 8, 2004, the plaintiff, Timothy A. York, was the operator of a tractor-trailer traveling on Route 495 South in Boxborough, Middlesex County, Massachusetts.

5. On February 8, 2004, the defendant, Jason Faria, was operating a motor vehicle traveling on Route 495 South in Boxborough, Middlesex County, Massachusetts.

6. On February 8, 2004, the defendant, Manuel Faria, was the owner of the vehicle being operated by the defendant, Jason Faria.

### PLAINTIFF'S CLAIMS AGAINST THE DEFENDANT JASON FARIA

### COUNT I - NEGLIGENCE

7. The plaintiff repeats and reavers the allegations contained in the foregoing paragraphs as if set forth fully herein.

8. On February 8, 2004, the defendant, Jason Faria, negligently operated his motor vehicle so as to cause a serious accident involving the vehicle being operated by the plaintiff.

9. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to sustain serious personal injuries, including physical and mental pain and suffering, was caused to incur expenses for her medical care and treatment, was caused to lose time and income from her employment and/or a loss of earning capacity, and has suffered and continues to suffer an impairment to her ability to enjoy life and attend to her usual activities.

10. The plaintiff was at all times in the exercise of due care and free of all comparative negligence.

11. The plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the plaintiff demands judgment against the defendant in the amount of his damages, plus interest and costs.

PLAINTIFF TIMOTHY A. YORK'S CLAIMS AGAINST
THE DEFENDANT MANUEL FARIA

COUNT III - NEGLIGENCE

12. The plaintiff repeats and reavers the allegations contained in the foregoing paragraphs as if set forth fully herein.

13. On or about February 8, 2004, the defendant, Manuel Faria, was the owner of the vehicle operated by the defendant, Jason Faria, and is therefore liable for the negligence of its operator.

14. As a direct and proximate result of the defendant's negligence, the plaintiff was caused to sustain serious personal injuries, including physical and mental pain and suffering, was caused to incur expenses for her medical care and treatment, was caused to lose time and income from her employment and/or a loss of earning capacity, and has suffered and continues to suffer an impairment to her ability to enjoy life and attend to her usual activities.

15. The plaintiff was at all times in the exercise of due care and free of all comparative negligence.

16. The plaintiff has satisfied all conditions precedent to the bringing of this cause of action.

WHEREFORE, the plaintiff demands judgment against the defendant for the above-described injuries, including interest and costs.

JURY CLAIM

The plaintiffs claim a trial by jury on this cause of action.

Respectfully submitted,
By his Attorneys,

KECHES & MALLEN, P.C.

*[signature]*
CHARLOTTE E. GLINKA
BBO # 559117
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Complaint

-2-

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

TIMOTHY A. YORK, )
)
Plaintiff, )
) C.A. NO.
v. ) BBO NO. 552211
)
JASON FARIA and )
MANUEL FARIA, )
)
Defendants. )



### DEFENDANTS' NOTICE OF REMOVAL

The Defendants in the above-captioned action, Jason Faria and Manuel Faria, request that this action be removed from Massachusetts state court to the United States District Court for the District of Massachusetts, Boston, MA.

As grounds for this Notice of Removal, the Defendants, Jason Faria and Manuel Faria, state the following:

1. On or about March 16, 2005, the Plaintiff commenced the present action against the Defendants in Massachusetts Superior Court, County of Middlesex, C.A. No. 05-000882-L2, and is now pending therein.

2. On or about April 5, 2005, the Defendants were served with a copy of the Summons and Complaint by a Constable in Rhode Island.

3. No further proceedings have been had in this action.

4. The Plaintiff, Timothy A. York, was and presently is a citizen and resident of Penobscot, State of Maine.

5. The Defendants, Jason Faria and Manuel Faria, were and presently are residents of Providence, State of Rhode Island.

6. The Plaintiff alleges in his Statement of Damages that the amount in controversy, exclusive of interest and costs, is in excess of One Hundred and Fifty Thousand Dollars ($150,000.00).

7. A copy of the Summons and Complaint are attached hereto.

8. This Notice is filed with the Court within thirty (30) days after service on the Defendants of the Summons and Complaint.

9. As a result of the foregoing, this Court possesses original jurisdiction of the present action pursuant to 28 USC § 1332 and may, therefore, be removed to this Court pursuant to 28 USC § 1441(b).

WHEREFORE, the Defendants, Jason Faria and Manuel Faria, request that the Court remove the present action from Massachusetts State Court to the United States District Court for the District of Massachusetts, Boston, MA.

> JASON FARIA and
> MANUEL FARIA
> By their attorney,
>
> /s/ Paul G. Pino
> Paul G. Pino
> BBO# 552113
> LAW OFFICE OF PAUL G. PINO
> 1350 Division Road, Suite 104
> West Warwick, RI 02893
> (401) 827-1250

Dated: April 8, 2005

2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 APR 11  P 2:09

U.S. DISTRICT COURT
DISTRICT OF MASS.

05cv 10764 NG

TIMOTHY A. YORK, )
                 )
    Plaintiff,   )
                 )    C.A. NO.
v.               )    BBO NO. 552113 (Pino)
                 )
JASON FARIA and  )
MANUEL FARIA,    )
                 )
    Defendants.  )
_____)

### DEFENDANT'S NOTICE OF FILING NOTICE OF REMOVAL

To:   Charlotte E. Glinka, Esquire
      Keches & Mallen, P.C.
      122 Dean Street
      Taunton, MA 02780

Please take notice that on April 8, 2005, the Defendants in the above-captioned action, Jason Faria and Manuel Faria, filed a **NOTICE OF REMOVAL**, a copy of which is attached hereto, of this action to the United States District Court for the District of Massachusetts, Boston, MA.

You are further advised that the defendant, on filing such Notice of Removal in the Clerk's Office of the United States District Court for the District of Massachusetts also filed copies thereof with the Middlesex County Superior Court Clerk's Office to effect removal pursuant to 28 USC § 1446(d).

JASON FARIA and
MANUEL FARIA
By their attorney,

*Paul G. Pino*
Paul G. Pino
BBO# 552113
LAW OFFICE OF PAUL G. PINO
1350 Division Road, Suite 104
West Warwick, RI 02893
(401) 827-1250

Dated: April 8, 2005

### CERTIFICATE OF SERVICE

I, Paul G. Pino, Esquire, hereby certify that on the 8th day of April, 2005, I caused to be served the foregoing document by first class mail, postage prepaid to the following counsel of record:

Charlotte E. Glinka, Esquire
Keches & Mallen, P.C.
122 Dean Street
Taunton, MA 02780

*Paul G. Pino*
Paul G. Pino

2

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-0882 | Trial Court of Massachusetts Superior Court Department County: Middlesex |
|---|---|---|
| PLAINTIFF(S) Timothy A. York | | DEFENDANT(S) Jason Faria and Manuel Faria |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Charlotte E. Glinka, Esquire   BBO # 559117 Keches & Mallen, P.C. 122 Dean Street Taunton, MA 02780   (508) 822-2000 Board of Bar Overseers number: | | ATTORNEY (if known) |

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | MVA | ( F ) | ( X ) Yes     ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. in excess of $ 2,500.00
2. Total Doctor expenses .............................................. in excess of $ 1,500.00
3. Total chiropractic expenses ........................................ $
4. Total physical therapy expenses ................................... $
5. Total other expenses (describe) ................................... $
   Subtotal $ 4,000.00
B. Documented lost wages and compensation to date ................. in excess of $ 150,000.00
C. Documented property damages to date .......................... $
D. Reasonably anticipated future medical and hospital expenses .... in excess of $ 5,000.00
E. Reasonably anticipated lost wages ............................. $
F. Other documented items of damages (describe)
   $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
   Due to the defendants' negligence, the plaintiff suffered a serious and permanent foot injury. He was out of work for approximately nine months as a tractor-trailer driver. He continues to have a permanent, partial impairment of his right foot as a result of his injuries. WHEREFORE, the plaintiff believes that his damages are likely to exceed $25,000.00.
   $
   TOTAL $ 159,000.00 +

FILED IN THE OFFICE OF THE CLERK OF THE COURTS FOR THE COUNTY OF MIDDLESEX
MAR 16 2005
Edward J. Sullivan CLERK

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $.............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Charlotte E. Glinka_    DATE: 3/14/05

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000